# Matter of Y-S-P-T-, Respondent

*Decided by Board June 26, 2026*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The respondent did not demonstrate that he could establish the extreme hardship to a qualifying relative required for a section 212(h) waiver, let alone the higher standard of exceptional and extremely unusual hardship.

(2) The respondent did not demonstrate that he would warrant a favorable exercise of discretion for a waiver of inadmissibility and adjustment of status where his equities regarding his family relationships are outweighed by significant adverse factors, including his convictions for sexual crimes.

FOR THE RESPONDENT: Melissa N. Smyth, Esquire, Brooklyn, New York

BEFORE: Board Panel: GORMAN, Deputy Chief Appellate Immigration Judge; HUNSUCKER, Appellate Immigration Judge; WHITE, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

This matter was last before the Board on February 25, 2026, when we dismissed the respondent's appeal from the Immigration Judge's May 12, 2025, decision denying his application for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[2] On March 26, 2026, the respondent, a native and citizen of Jamaica, filed a timely motion to reopen and request for stay of

---

[1] Pursuant to Order No. 7026-2026, dated July 20, 2026, the Acting Attorney General designated the Board's decision in *Matter of Y-S-P-T-* (BIA June 26, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

removal.  The motion to reopen will be denied, and the request for stay of removal will be denied as moot.

The respondent seeks reopening to pursue adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (2024).  With his motion, the respondent submits a Notice of Action (Form I-797), which provides that on March 3, 2026, United States Citizenship and Immigration Services approved the Petition for Alien Relative (Form I-130) filed on his behalf by his United States citizen spouse.  He also provides an Application to Register Permanent Residence or Adjust Status (Form I-485), an Application for Waiver of Grounds of Inadmissibility (Form I-601), and other supporting evidence.

A motion to reopen must, among other things, "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B) (2024); *accord* 8 C.F.R. § 1003.2(c)(1) (2026).  A motion to reopen will not be granted unless it appears to the Board that evidence sought to be offered was not available and could not have been discovered or presented at the former hearing.  8 C.F.R. § 1003.2(c)(1).  Moreover, the movant must establish prima facie eligibility for the relief sought.  *INS v. Doherty*, 502 U.S. 314, 323 (1992) (citing *INS v. Abudu*, 485 U.S. 94, 104–05 (1988)); *see also Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (stating that the respondent must establish a realistic chance that he will be able to establish eligibility for relief in the reopened proceedings).  We will deny the respondent's motion because he has not established a realistic chance he can establish eligibility for relief.

In his motion, the respondent concedes that on September 16, 2019, he was convicted of the following:  (1) sexual abuse in the 3rd degree under section 130.55 of the New York Penal Law; (2) forcible touch - intimate parts section 130.52(1) of the New York Penal Law; and (3) forcible touch - on bus/train under section 130.52(2) of the New York Penal Law.  The Immigration Judge determined that the respondent would require a waiver of inadmissibility under section 212(h) of the INA, 8 U.S.C. § 1182(h) (2024), to adjust his status.  On the facts presented, the respondent has not established a realistic chance he would succeed on a section 212(h) waiver because he has not established the requisite hardship.

Generally, to establish eligibility for a section 212(h) waiver, the respondent must establish that his removal would result in extreme hardship to his qualifying relative.  *See* INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B).  However, the nature of the respondent's convictions may require that the

respondent establish that removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative. *See* 8 C.F.R. §§ 212.7(d), 1212.7(d) (2026) (stating that cases involving violent or dangerous crimes require, in the exercise of discretion, under section 212(h)(2) of INA, 8 U.S.C. § 1182(h)(2), that the applicant demonstrate exceptional and extremely unusual hardship but providing that even where extraordinary circumstances are present this might still be insufficient to warrant a favorable exercise of discretion depending on the gravity of the alien's underlying criminal offense). On this record, the respondent has not established that his removal would meet the lower standard of extreme hardship to a qualifying relative under section 212(h)(1)(B) of the INA, 8 U.S.C. § 1182(h)(1)(B), let alone the higher standard of exceptional and extremely unusual hardship. *See Matter of Monreal*, 23 I&N Dec. 56, 65 (BIA 2001) (stating that exceptional and extremely unusual hardship is hardship that is substantially beyond that which would be ordinarily be expected to result from deportation); *see also Matter of Pilch*, 21 I&N Dec. 627, 633 (BIA 1996) (explaining that, to establish extreme hardship, the applicant must show that the resulting hardship is "over and above the normal economic and social disruptions involved in deportation").

The respondent's qualifying relative is his United States citizen wife, whom he married on May 28, 2025, following the Immigration Judge's May 12, 2025, removal order. The respondent points to the ongoing mental and physical health challenges his wife has experienced and continues to experience. However, the respondent does not explain how his removal would result in increased hardship to his wife, as he has been detained since prior to the marriage. Additionally, to the extent the respondent points to financial hardships his wife may face, the respondent has not claimed any assets and submitted a fee waiver request with his motion to reopen. The respondent has not established a realistic chance he would succeed on a section 212(h) waiver based on his recent marriage. Therefore, we will deny the motion to reopen on that basis.

Further, the respondent has not met his burden to establish that he warrants a section 212(h) waiver or adjustment of status in the exercise of discretion. *See* INA §§ 212(h), 245(a), 8 U.S.C. §§ 1182(h), 1255(a); *see also* INA § 240(c)(4)(A)(ii), 8 U.S.C. § 1229a(c)(4)(A)(ii) (2024) (stating that an alien applying for relief or protection has the burden to establish he or she merits a favorable exercise of discretion); *Matter of Mendez,* 21 I&N Dec. 296, 299–300 (BIA 1996) (explaining that when deciding whether to favorably exercise discretion with regard to a section 212(h) waiver of inadmissibility, the Immigration Judge must weigh the alien's equities against the negative factors in his or her case to determine whether a grant of

relief is in the best interests of this country); *Matter of Arai*, 13 I&N Dec. 494, 495–96 (BIA 1970) (addressing general discretionary factors applicable to applications for adjustment of status). Where adverse factors are present, an applicant for adjustment of status must offset them with proof of "unusual or even outstanding equities." *Matter of Arai*, 13 I&N Dec. at 496. Here, the respondent points to his relationship with his wife and family. However, those equities are outweighed by the significant adverse discretionary factors present in the respondent's case, including his convictions for sexual crimes. The respondent has not established that he warrants adjustment of status or a section 212(h) waiver in the exercise of discretion. *See generally Matter of Mendez*, 21 I&N Dec. at 299–302; *Matter of Arai*, 13 I&N Dec. at 495–96.

In sum, the respondent has not demonstrated a reasonable likelihood of success sufficient to warrant reopening. *Matter of L-O-G-*, 21 I&N Dec. 413, 420 (BIA 1996) ("Where an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues further at a full evidentiary hearing.").

**ORDER:** The motion to reopen is denied.

**FURTHER ORDER:** The request for stay of removal is denied as moot.

**FURTHER ORDER:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).